# The Thomas Brass and Iron Works v. William B. Leonard.

1. PRACTICE—*Where a New Trial Should be Granted.*—Where a defendant applies for a continuance on the ground that its president is absent, in attendance upon a daughter supposed to be at the point of death, and that he was the one who had prepared the case for trial, and plaintiff resisted and the court denied the motion, and the cause was immediately tried, and on the trial plaintiff proves a material conversation with said president, upon which a verdict for plaintiff was probably based, and on motion for a new trial said president denies that such conversation took place, and it does not appear defendant could have anticipated such proof, a new trial should be granted, though on said motion for a continuance defendant did not anticipate and deny said conversation.

2. INSTRUCTIONS—*Where Question of Law is Submitted to the Jury.*—Where a contractor is building a brick wall, and the contract did not provide who should brace the wall, whether it was the duty of the owner to brace the wall is a mixed question of law and fact; and an instruction which leaves that question to be determined from the evidence under the instructions of the court, should not be modified by striking out all reference to the instructions, as a question of law is thus submitted to the jury.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Lake County; the Hon. CHARLES H. DONNELLY, Judge, pre-

siding. Heard in this court at the April term, 1900. Reversed and remanded. Opinion filed October 8, 1900.

COOKE & UPTON and COON & ORVIS, attorneys for appellant.

WOODLE & ARNOLD, attorneys for appellee; EDWARD RYAN WOODLE, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a suit brought by William B. Leonard against the Thomas Brass and Iron Works, a corporation, to recover damages for injuries received by Leonard by the fall of a gable wall of a building owned by the iron works. Defendant pleaded not guilty, and upon a jury trial plaintiff had a verdict for $500. Defendant moved for a new trial, which was denied, and judgment was entered upon the verdict. Defendant appealed.

Appellant contracted with August C. Jahnke to erect the walls of a certain brick building for appellant. After Jahnke had completed the walls, he took down the scaffolding, and almost immediately thereafter, and during a high wind, the wall fell, injuring appellee, who was a laborer in the employ of Jahnke. Appellant furnished the plans for the building and the materials for the walls, and Jahnke furnished the labor and built the walls. The declaration charged that plaintiff was employed· by the invitation and permission and for the benefit of defendant to work, and was working as a laborer upon the premises of defendant, in such proximity to the wall that in case it should fall, it would, as defendant well knew, fall upon and injure the plaintiff; and it was necessary for defendant, as defendant well knew, in order to keep plaintiff reasonably free and safe from injury, to protect said wall from falling and properly to construct the same, on proper designs; but that defendant, neglecting its duty, failed to keep the wall from falling, and the wall being, as defendant well knew, unreasonably and dangerously weak and insufficient, improperly built, and unbraced, the design thereof being defective

(while plaintiff was exercising due care for his own safety, and uninformed by defendant or any one of the dangerous condition of the wall), by reason of such negligence of defendant the wall fell upon the plaintiff and he was thereby injured.

The cause was tried on October 5, 1899. On that day, and before the cause was called for trial, defendant moved for a continuance for several reasons shown by affidavits, one of which was the absence of R. J Thomas, the president of appellant. The continuance was denied, and the trial held. On motion for a new trial, the absence of said Thomas and the testimony he would have given, if present, were again relied upon as a ground for a new trial, and additional affidavits were filed. The facts appearing from these affidavits are that Thomas had charge of preparing the case for trial, and looking after the obtaining of testimony, and that prior to the trial he had performed that duty; that at the time of the trial his daughter was very ill with typhoid fever in Milwaukee, Wisconsin, and his wife was also seriously ill at that place at that time. He came to the county seat of Lake county on the third and fourth days of October, but returned to Milwaukee on the night of the fourth of October, and on the fifth of October his daughter was supposed to be at the point of death, and he did not come to the trial. The affidavits filed on the motion to continue stated what could be proved by Thomas so far as it could then be foreseen would be material. On the trial, Jahnke testified that it was improper and unsafe to build the gable walls of such a building until the iron trusses, not called for by his contract, were put in place, after the side walls had been erected, and that he told Thomas that it was unsafe to build the gable walls until the trusses and girders were put in place, and that there was nothing to hold the walls, and any wind might blow them over, and requested Thomas to wait, for the erection of the gable, until after the trusses were up; and that Thomas told him to go ahead with the work, and he would attend to the iron work. When Jahnke had completed the gable wall he took down his

scaffolding, and with it he pulled down certain braces which appellant had put up to protect the wall from falling; and this Jahnke did while a high wind was prevailing, and shortly before the wall fell and injured appellee. It was a close question, under the evidence, whether appellant was responsible for the fall of the wall, or whether Jahnke was the one responsible therefor. The affidavits on the motion for a new trial show that Thomas will deny that any such conversation took place, and that appellant was taken by surprise by this testimony of Jahnke. There is nothing to show that appellant could have anticipated that Jahnke would give this testimony, and therefore appellant could not, in its affidavits in support of the motion for a continuance, set forth what Thomas would testify on this subject. We regard Jahnke's statement of the conversation with Thomas as probably the evidence which secured a verdict against appellant. While appellant could not know that Jahnke would give this testimony, appellee, when it was shown upon the motion for continuance that Thomas was necessarily absent, must have known that he intended to introduce this testimony by Jahnke, and he should have consented to a continuance. The principal instruction asked by appellee, given by the court in his behalf, was based in part upon this testimony of Jahnke, and counsel for appellee rely upon that testimony in this court to sustain the verdict. We are of opinion that when it appeared, upon the motion for a new trial, that Thomas would deny this important testimony given by Jahnke, and that he was absent under the circumstances stated, a new trial should have been awarded, in the interest of justice, in order that the testimony of Thomas might be obtained for appellant. He was justifiably absent, and this testimony of Jahnke could not have been anticipated and denied in affidavits prepared for the motion for a continuance.

The second instruction given for appellee, as printed in the abstract, is defective in omitting some necessary words, but the criticisms made thereon in argument will doubtless prevent the recurrence of the omission. The fifth instruction for defendant, as asked, after stating that proof of

certain facts does not alone render the defendant liable, continued as follows:

" And unless the jury further find from the evidence, under the instructions of the court, that it was the duty of defendant to brace said wall, the law is for the defendant; and the burden of proof is upon the plaintiff to show that it was the defendant's duty, under the terms of the contract with the witness August Jahnke or otherwise, to properly brace said wall."

The court gave the instruction, after modifying the part above quoted to read as follows:

" And unless the jury further find from the evidence that it was the duty of the defendant to brace said wall, and the burden of proof is upon the plaintiff to show that it was the defendant's duty to properly brace said wall, you should find the defendant not guilty."

The question whether it was the duty of the defendant to brace the wall was one partly of fact and partly of law. The instruction, as offered, properly required the jury to determine this question from the evidence, under the instructions of the court; but as given, the jury were left to determine the question upon their own notions of defendant's duty, without any reference to the instructions of the court, thus leaving the jury to determine, at their own will, what was the duty of the defendant in regard to bracing the wall.

This was submitting a question of law to the determination of the jury. This was error. LaPorte v. Wallace, 89 Ill. App. 517.

For the reasons stated, the judgment is reversed, and the cause remanded for a new trial.